**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 02-60323
Summary Calendar

DENNIS J. KRYSTEK,

Plaintiff-Appellant,

VERSUS

UNIVERSITY OF SOUTHERN MISSISSIPPI; HORACE FLEMING, President;
AUBRY K. LUCAS; G. DAVID HUFFMAN; GLENN TERRY HARPER; RONALD
MARQUART; JEROLD WALTMAN; LEE GORE,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Mississippi, Hattiesburg Division

(2:00-CV-165PG)

December 16, 2002

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff Dennis J. Krystek appeals from the district court's
grant of complete summary judgment for Defendants the University of
Southern Mississippi (USM) and its employees in his suit alleging
discrimination and retaliation in violation of Title VII of the

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, conspiracy in violation of 42 U.S.C. § 1985(3), and pendent state law claims.

We review the district court's grant of summary judgment de novo, employing the same criteria used in that court. Rogers v. International Marine Terminals, 87 F.3d 755, 758 (5th Cir. 1996). Summary judgment should be granted where the record indicates no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Id.

Here, plaintiff's Title VII discrimination claims were the subject of an earlier suit, Krystek v. Univ. of Southern Mississippi, 164 F.3d 251 (5th Cir. 1999), and are claim precluded from consideration. Southmark Corp. v. Coopers & Lybrand, 163 F.3d 925, 93 (5th Cir. 1999). The district court correctly granted summary judgment on Plaintiff's retaliation claim  because he has failed to produce sufficient evidence to create a genuine issue of material fact as to whether the non-discriminatory reason offered by defendants was pretext for a retaliatory purpose. Rios v. Rossotti, 252 F.3d 375, 380 (5th Cir. 2001); Grimes v. Texas Dept. of Mental Health and Mental Retardation, 102 F.3d 137, 139 (5th Cir. 1996). Plaintiff also failed to introduce evidence of racial animus on the part of defendants, as required for a conspiracy claim under 42 U.S.C. § 1985(3). Horaist v. Doctor's Hospital of Opelousas, 255 F.3d 261, 270-71 (5th Cir. 2001). As all of Krystek's federal claims lack merit, the district court correctly dismissed without prejudice his pendent state law claims. Bass v.

<u>Parkwood Hospital</u>, 180 F.3d 234, 246 (5th Cir. 1999).

The judgment of the district court is AFFIRMED.